IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDY JACK WILSON,                )
                                 )
        Plaintiff,                )
                                 )
                                 )       CIV-14-779-W
v.                               )
                                 )
CORRECTIONS CORPORATION OF       )
    AMERICA, INC., et al.,       )
                                 )
        Defendants.              )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner who appears with counsel, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Before the Court is Plaintiff's Motion to Strike Defendants' Motion to Dismiss and Brief in Support (Doc. # 15), to which Plaintiff has responded (Doc. # 16). Plaintiff has filed a Reply to the response. (Doc. # 17). In the Motion to Strike, Plaintiff moves to strike Defendants' Motion to Dismiss (Doc. # 14) filed October 17, 2014, under Fed. R. Civ. P. 12(g)(2) on the ground that the Motion to Dismiss is an improper successive motion.

The record reflects that Defendants Correctional Corporation of America, Inc. ("CCA"), Wilkinson, Rankins, Worsham, and Barneck previously moved to dismiss or, alternatively, transfer the action under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) on the ground that Plaintiff had filed the action in an inappropriate venue. The motion was

1

based on the fact that the allegations in the Complaint relate solely to the conditions of his confinement and events that occurred at the Davis Correctional Facility located in Holdenville, Oklahoma, within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma. United States District Judge West entered an Order on October 6, 2014, denying the Motion to Dismiss. Order (Doc. # 13).

On October 17, 2014, Defendants filed a Motion to Dismiss (Doc. # 14) under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(a), seeking dismissal of the action for the reasons that (1) Plaintiff failed to demonstrate his state law-based tort claims were filed after having timely given the notice required by Oklahoma's Governmental Tort Claims Act, as prescribed by Okla. Stat. tit., 57, § 566.4(B)(2); (2) Plaintiff failed to demonstrate that his state law-based tort and constitutional claims were filed within the one-year limitations period prescribed by Oklahoma law in Okla. Stat. tit. 12, § 95(11); and (3) Plaintiff failed to properly exhaust available administrative remedies (a) under 42 U.S.C. § 1997e(a) as to his federal claims and (b) under state law, see Okla. Stat. tit. 57, §§ 564, 566.5, 566.3(G)(2), 566(A)(1), as to his state law-based claims prior to bringing his action.

Relying on the Tenth Circuit Court of Appeals' decision in Steele v. Fed. Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003), Defendants specifically request in their Motion that the Motion to Dismiss not be converted by the Court to one seeking a summary judgment. Plaintiff moves to strike the present Motion to Dismiss under Fed. R. Civ. P. 12(g)(2), which provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was

2

available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The exception in Rule 12(h)(2) specifically refers to a motion for failure to state a claim upon which relief can be granted, and states that such a motion may be raised in any pleading allowed or ordered under Rule 7(a)(a complaint, answer, or reply), by a motion under Rule 12© for judgment on the pleadings, or at trial. The second exception in Rule 12(h)(3) provides for the dismissal of an action at any time the court determines that it lacks subject matter jurisdiction.

Defendants' present Motion to Dismiss is based, in part, on the federal statute, 42 U.S.C. § 1997e(a). Title 42 U.S.C. § 1997e(a) is a mandatory provision under which "[n]o action shall be brought with respect to prison conditions" until a prisoner exhausts his or her available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 524 (2002)(exhaustion under 42 U.S.C. § 1997e(a) "is now mandatory"). In this circuit, "exhaustion of administrative remedies [is] a precondition to bringing litigation," and the failure to exhaust administrative remedies "requires dismissal" without reaching the merits of the action. Fitzgerald v. Corr. Corp. of America, 403 F.3d 1134,1140-41 (10th Cir. 2005).

In Steele, an action filed by a federal prisoner seeking relief under the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the appellate court determined that "a prisoner must plead exhaustion in his complaint" and either "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Steele, 355 F.3d at 1209-10. If the plaintiff's

submissions are ambiguous or otherwise deficient, the court recognized that "a motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be appropriate" to raise the issue of lack of exhaustion of administrative remedies in some circumstances and that in such a motion "the court may consider the attached administrative materials" provided by the defendant. Id. at 1212.

But the court in Steele also recognized that where a "factual dispute" exists between the parties on the exhaustion issue a motion for summary judgment would be appropriate. Id. "If the defendant files a motion to dismiss requiring consideration of additional factual material, the court should convert the motion to one for summary judgment and ensure that the prisoner is given proper notification of the conversion." Id. Moreover, Steele is no longer good authority.

The Supreme Court's decision in Jones v. Bock, 549 U.S. 199 (2007), effectively overruled the Steele decision and established that nonexhaustion is an affirmative defense. Id. at 212-17. See Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 1260 (10th Cir. 2007)("Jones overrules Steele and Ross."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)("Steele is no longer good law."). Under the prevailing Supreme Court jurisprudence, an inmate has no obligation to submit or even describe the relevant administrative documents. Because of Bock and its progeny, the Steele decision adds little or no authority to Defendants' argument that their Motion to Dismiss, which relies on numerous extra-pleading documents, should not be converted to a motion for summary judgment.

4

Courts may treat Rule 12(b)(6) motions as motions for summary judgment if they raise matters outside the pleadings. Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995). The only caveat to this principle is that when a motion to dismiss is converted to one for summary judgment the court must give the parties notice and an opportunity to present material pertinent to a Rule 56 motion for summary judgment. Id. See Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 654 (10th Cir. 2002)(when converting motion to dismiss that is not styled in the alternative as one seeking summary judgment, the court must "notify the parties of the conversion so that they may present all materials made relevant" by the conversion).

In recent decisions by the Tenth Circuit Court of Appeals, the court has affirmed the granting of summary judgment in prisoners' actions on the basis of failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). See Lee v. Benuelos, __ Fed. App'x. __, 2014 WL 6788193 (10th Cir. 2014)(unpublished op.); McMiller v. Jones, __ Fed. App'x. __, 2014 WL 5510062 (10th Cir. 2014)(unpublished op.); Davis v. Bear, 537 Fed. App'x. 785, 789 (10th Cir. 2013)(unpublished op.); Calbart v. Sauer, 504 Fed. App'x. 778, 781-782 (10th Cir. 2012)(unpublished op.).

In one such decision, Jones v. Cannon, __ Fed. App'x. __, 2014 WL 5355448 (10th Cir. 2014)(unpublished op.), the Tenth Circuit noted that "courts may treat Rule 12(b)(6) motions as motions for summary judgment if they raise matters outside the pleadings" and held that "[t]he district court properly granted summary judgment" where the prisoner had failed to exhaust the prison's administrative remedies.

5

In other decisions, the Tenth Circuit has affirmed the Rule 12(b)(6) dismissal without prejudice of prisoners' claims for failure to exhaust administrative remedies. Craft v. Olden, 556 Fed. App'x. 737 (10th Cir. 2014)(unpublished op.); Craft v. Null, 543 Fed. App'x. 778 (10th Cir. 2013)(unpublished op.). Thus, the circuit court has not indicated that a motion seeking dismissal under Rule 12(b)(6) of a prisoner's conditions of confinement claims for failure to exhaust administrative remedies is improper or that such a motion must or must not be converted to a motion for summary judgment, even if it relies on evidentiary documents outside of the complaint.

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1146 (10th Cir. 2013)(citing Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 20100). However, "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and 'matters of which a court may take judicial notice'" may be considered in adjudicating a Rule 12(b)(6) motion. Id. (internal quotations and citation omitted). See Tal v. Hogan, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006)(recognizing that "[w]here the material is submitted as an exhibit to a pleading or incorporated or reference in a complaint, the Court may properly consider that material in adjudicating a Rule 12(b)(6) motion; it may also consider documents relied upon by a plaintiff as an integral basis for his claims")(citing Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 964-65 (10th Cir. 1994)).

In this case, Defendants rely on several documents, including affidavits, that were not

6

referenced in the Complaint. In a similar case in this Court, United States Magistrate Judge Mitchell found that a motion to dismiss must be converted to a motion for summary judgment because the defendants had submitted numerous administrative dispositions to prove their contention that the plaintiff did not exhaust his administrative remedies. <u>Abbus v. Miller</u>, 2014 WL 6901504 (W.D. Okla. 2014)(unpublished op.)(Report and Recommendation, Mitchell, M.J., adopted, Cauthron, D.J.).

Moreover, Plaintiff has asserted in the Complaint that he exhausted administrative remedies, an allegation presenting at least the potential for a factual dispute concerning the exhaustion issue. Under these circumstances, Defendants' Motion to Dismiss must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d)("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Defendants have provided no valid reason for not converting their Motion to Dismiss to a motion for summary judgment, arguing, instead, in their responsive pleading that the Court should consider their motion as it would "expedite the case" and "narrow the issues involved."

This Supplemental Report and Recommendation provides the requisite notice to the parties that the Court intends to convert Defendants' Motion to Dismiss to a motion for summary judgment. The conversion of the Motion to Dismiss to one for summary judgment moots Plaintiff's argument that Defendants' Motion to Dismiss is an improper successive motion, and, therefore, Plaintiff's Motion to Strike should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion to Strike (Doc. # 15) be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by February 25th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   5th   day of    February   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE