FILED
MAR 0 3 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

ANDY JACK WILSON, )
)
    Plaintiff, )
)
vs. ) No. CIV-14-779-W
)
CORRECTIONS CORPORATION OF )
AMERICA et al., )
)
    Defendants. )

## ORDER

On August 11, 2014, defendants Corrections Corporation of America, Inc., Tim Wilkinson, William Rankins, David Worsham and William Barneck filed a Motion to Dismiss and/or Transfer pursuant to Rule 12(b)(3), F.R.Civ.P., wherein they argued that this action should either be dismissed or be transferred to the United States District Court for the Eastern District of Oklahoma. The defendants' motion was denied on October 6, 2014, see Doc 13, and the defendants have filed a second Motion to Dismiss, this time seeking relief under Rule 12(b)(6), F.R.Civ.P. The defendants have contended in this paper that dismissal of this action is warranted because, inter alia, the claims of plaintiff Andy Jack Wilson are untimely and because Wilson has failed to exhaust his administrative remedies. Wilson responded by filing a Motion to Strike pursuant to Rule 12(f), F.R.Civ.P.; he has argued that the defendants' submission is prohibited by Rule 12(g)(2), F.R.Civ.P.

On February 5, 2015, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation, and the matter now comes before the Court on the parties' objections to Magistrate Judge Purcell's suggestion that the defendants' Motion to Dismiss be converted to a motion for summary judgment, governed under Rule

56, F.R.Civ.P., since the defendants have submitted numerous materials outside the pleadings, and his finding that conversion of the defendants' Motion to Dismiss would moot Wilson's Motion to Strike.

In his objection, Wilson has argued that conversion would be prejudicial since he has not had the opportunity to conduct discovery to rebut the defendants' arguments. The defendants have opposed conversion on the grounds that Magistrate Judge Purcell did not state in his Supplemental Report and Recommendation that their converted motion would "not count as a 'motion under [Rule] . . . 56,'" Doc. 20 at 2, for purposes of Rule 56.1(a), Rules of the United States District Court for the Western District of Oklahoma.[1]

Upon de novo review, the Court concurs with Magistrate Judge Purcell's findings and recommendations, and accordingly,

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 18] issued on February 5, 2015;

(2) FINDS that conversion of the defendants' Motion to Dismiss [Doc. 14] is appropriate and proper;[2]

---

[1] See Rule 56.1(a), Rules of the United States District Court for the Western District of Oklahoma (absent leave of court, each party may file only one motion under Rule 56, supra).

[2] As Magistrate Judge Purcell has noted, it appears that the Tenth Circuit has not definitively indicated that a motion seeking dismissal under Rule 12(b)(6), supra, of a prisoner's conditions of confinement claims for failure to exhaust administrative remedies is improper or held that such a motion must be converted to a motion for summary judgment if it relies on evidentiary documents outside of the complaint. Compare Lee v. Benuelos, 2014 WL 6788193 (10th Cir. 2014)(unpublished)(granting summary judgment, but dismissing complaint without prejudice); Jones v. Cannon, 589 Fed. Appx. 849 (10th Cir. 2014)(unpublished)(summary judgment); Davis v. Bear, 537 Fed. Appx. 785 (10th Cir. 2013)(unpublished)(summary judgment); Calbart v. Sauer, 504 Fed. Appx. 778 (10th Cir. 2012)(unpublished)(summary judgment), with Craft v. Olden, 556 Fed. Appx. 737 (10th Cir. 2014)(unpublished)(dismissal without prejudice); Craft v. Null, 543 Fed. Appx. 778 (10th Cir. 2013)(unpublished)(dismissal without prejudice). See Cordova v. Dowling, 534 Fed. Appx. 751, 754 (10th Cir. 2013)(citing Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212-13 (10th

(3) further FINDS that such conversion MOOTS Wilson's Motion to Strike[3] [Doc. 15] filed on November 7, 2014;[4] and

(4) RE-REFERS this matter to Magistrate Judge Purcell for further pretrial proceedings, including consideration of Wilson's request for discovery under Rule 56(d), supra, and the defendants' request under Rule 56.1(a), supra.

ENTERED this 3rd day of March, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

Cir. 2003)(recognizing that dismissal based on lack of exhaustion ordinarily should be without prejudice because failure to exhaust is often a temporary, curable, procedural flaw), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)); Wilson v. Bezona, 485 Fed. Appx. 976 (10th Cir. 2012)(unpublished)(remanding so district court may modify its dismissal to be without prejudice for failure to exhaust administrative remedies).

Conversion of motions to dismiss has also been recognized as appropriate and proper when addressing statutes of limitations. E.g., Farhat v. Board of County Commissioner of Stephens County, 2008 WL 441684 (W.D. Okla. 2008).

[3]See 5C C. Wright & A. Miller, Federal Practice and Procedure § 1380 (3rd ed. 2004)(2014 Supp.)(Rule 12(f) motions only directed towards pleadings as defined by Rule 7(a), F.R.Civ.P.; motions, affidavits, briefs and other documents outside of pleadings not subject to Rule 12(f)).

[4]See Albers v. Board of County Commissioners of Jefferson County, 771 F.3d 697 (10th Cir. 2014).